22 Ariz. App. 153 (1974)
524 P.2d 1326
Violetta TREFFENGER and George Treffenger, husband and wife, Nella Mae Davis and Howard Davis, husband and wife, Stella Brown and Joe Brown, husband and wife, Quee Seigler, a divorced woman, Appellants,
v.
ARIZONA INSURANCE GUARANTY ASSOCIATION, a non-profit Arizona corporation, Appellee.
No. 1 CA-CIV 2394.
Court of Appeals of Arizona, Division 1, Department C.
August 6, 1974.
Review Denied October 22, 1974.
*154 Steven M. Friedman, Phoenix, for appellants.
Shimmel, Hill, Bishop & Gruender, P.C. by G. Gregory Eagleburger, Phoenix, for appellee.
OPINION
FROEB, Judge.
This appeal is from a judment of the Superior Court of Maricopa County in which Arizona Insurance Guaranty Association, a non-profit Arizona corporation, was granted summary judgment against appellants. The trial court found there was no genuine issue of material fact presented and that appellee was entitled to judgment as a matter of law. The case involves construction of an automobile insurance policy and the meaning of certain provisions of A.R.S. § 28-1170, as amended, defining a "motor vehicle liability policy."
The action against Arizona Insurance Guaranty Association arises by virtue of the insolvency of Liberty Universal Insurance Company, the issuer of a policy of automobile liability insurance in this case. Under A.R.S. § 20-661 et seq., the Arizona Insurance Guaranty Association is liable, if at all, only to the extent that the insolvent insurer would have been under its policy. Thus, the liability of Liberty Universal Insurance Company, if any, determines the outcome of the case against Arizona Insurance Guaranty Association.
On August 13, 1969, certain of the appellants were passengers on a Greyhound bus traveling between Flagstaff and Winslow, Arizona, when the bus collided with a 1963 Mercury Comet driven by Roy David Madrid.
At the time of the accident, the 1963 Mercury Comet was owned by Madrid's mother and step-father, Mr. and Mrs. Gabaldon, having been acquired by them less *155 than a day earlier. The Gabaldons had not obtained a policy of liability insurance upon this automobile but owned another vehicle, a 1963 Dodge pick-up, for which they had liability insurance coverage provided by Liberty Universal. They also owned at least one other vehicle insured by another insurance company. All vehicles were registered in the name of Mr. Gabaldon. Prior to this lawsuit, the plaintiffs had filed an action in Coconino County Superior Court (Cause No. 25328) where they obtained judgment against Eugene Gabaldon and Anne Gabaldon, his wife, for injuries arising out of the accident. While this first lawsuit did not involve the question of insurance coverage, it did establish liability of the Gabaldons for the negligence of Roy David Madrid upon application of the theory of the family car doctrine.
In this case the appellants urge that the terms of the policy issued by Liberty Universal for the 1963 Dodge pick-up, when considered together with the provisions of A.R.S. § 28-1170, make Liberty Universal responsible to them for their money judgment arising out of the accident involving the 1963 Mercury Comet. Appellants contend that the omnibus clause of that policy makes Roy David Madrid an insured thereunder, even though the policy was written for a different automobile.
We find that coverage under that policy does not so extend and therefore affirm the judgment of the Superior Court of Maricopa County.
Under Section III of the policy, the "definition of an insured" is:
"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured, and if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either...." (Emphasis added).
It is clear from the language of this policy that the coverage under Section III extends to permissive use of the automobile described therein, which was the 1963 Dodge pick-up. Had the accident occurred in this vehicle, Roy David Madrid would have been an "insured" and coverage would have attached. A.R.S. § 28-1170 does not extend permissive use coverage any further than the policy here in question.
Appellants argue further that notwithstanding this, the 1963 Mercury Comet was covered under Section IV(a) of the policy, which reads, in part:
"(a) Automobile. Except with respect to Division 2 of Coverage C and except where stated to the contrary, the word `automobile' means:
"(1) Described Automobile  the motor vehicle or trailer described in this policy.
* * * * * *
"(3) Temporary Substitute Automobile  under Coverages A, B and Division 1 of Coverage C, an automobile not owned by the named insured or his spouse, if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
"(4) Newly Acquired Automobile  an automobile, ownership of which is acquired by the named insured or his spouse, if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under Coverages A, B and Division 1 of Coverage C if the newly acquired automobile replaces an owned automobile covered by *156 this policy. The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectable insurance...."
The undisputed facts of this case, however, do not bring the 1963 Mercury Comet automobile within the definition of a substitute or newly acquired replacement vehicle under the terms of the policy. The plain fact is that the 1963 Mercury Comet was acquired as a new and additional vehicle by the Gabaldons for which no policy of insurance was ever obtained.
Whether the 1963 Mercury Comet was acquired by the Gabaldons with the intent that it should become a gift to Roy David Madrid at a later time does not alter the case. We do not reach the issue of whether or not at the time of the accident Roy David Madrid had permission to use the vehicle, although the undisputed fact appears to be that he was operating the vehicle without permission. These factual elements are not relevant to the question of liability coverage under the policy issued by Liberty Universal for the 1963 Dodge pick-up.
Appellants also urge that coverage is provided by statute under § 28-1170(C), which states:
"C. The operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as set forth in subsection B of this section with respect to an owner's policy of liability insurance."
Assuming that the policy in question combines both the features of an owner's as well as an operator's policy, the language and intent of the statute is to require coverage for the named insured in his use of another vehicle not owned by him. Coverage does not extend to Roy David Madrid since he was not a named insured under the policy.
The rationale of the given policy and the statute is to define the extent of coverage afforded to users of a specific vehicle, including appropriate substitute or replacement vehicles, and to named insureds using other vehicles. Neither the policy nor the statute extends coverage to permissive users of other automobiles.
For these reasons neither Roy David Madrid nor the Gabaldons were insured against liability arising out of the use of the 1963 Mercury Comet under the policy issued by Liberty Universal Insurance Company for the 1963 Dodge pick-up. The appellee, Arizona Insurance Guaranty Association, is therefore not liable to appellants.
We affirm the judgment of the trial court.
WREN, P.J., and NELSON, J., concur.